(C.D. 2553)

MULLINS INDUSTRIAL DIAMOND CORPORATION *v.* UNITED STATES
(J. E. BERNARD & CO., PARTY IN INTEREST)

United States Customs Court, Third Division

(Decided June 30, 1965)

*Busby & Rivkin* (*Saul L. Sherman* and *David Busby* of counsel) for the plaintiff.

*Andrew P. Vance*, Chief, Customs Section, Civil Division (*Glen E. Harris*, trial attorney), for the defendant.

No attorney for party in interest.

*Barnes, Richardson & Colburn* (*James H. Lundquist* and *E. Thomas Honey* of counsel) as *amicus curiae.*

Before DONLON, RICHARDSON, and FORD, Judges; DONLON, J., dissenting

RICHARDSON, Judge: The merchandise of this protest consists of an importation of synthetic diamond particles from Ireland. It is the same merchandise which was before this court in the companion protest of *Eastern Diamond Products Company, Inc.* v. *United States*, 55 Cust. Ct. 62, C.D. 2552; and the case now before us embraces the same issues of jurisdiction and classification which were raised in that case. And in line with our decision in *Eastern Diamond Products Company, Inc.* v. *United States, supra*, we are of the opinion that plaintiff is not an "American * * * wholesaler," as that term is used in 19 U.S.C.A., section 1516 (section 516, Tariff Act of 1930, as amended), and that as such, is not entitled to proceed under the statute to challenge the collector's classification of the subject merchandise.

In the instant case, the testimony shows, among other things, that during the relevant period of inquiry plaintiff has handled only

natural diamond dust of *foreign* origin, that plaintiff is equipped and desires to handle synthetic diamond dust of *foreign* origin but is prevented from doing so because of the duty which is currently on the imported material, and would be benefited by the removal of such duty, and that plaintiff has never handled any *domestic* diamond dust.

The word "American," as it is used in section 1516, does not modify and limit the person. As revealed in its legislative history,* section 1516 was designed to assist wholesalers of domestically produced merchandise to intervene in and influence the administration of tariff levies on foreign imports competitive with domestic merchandise, in an effort to remedy any competitive disadvantage which domestic merchandise sustained in such relationship growing out of comparative valuations. The statute was not intended to be put to the use for which plaintiff contends, namely, to enable handlers of *foreign* merchandise to remove or reduce the tariff protection afforded to *domestic* merchandise from competitive foreign imports under existing duty levies. Consequently, in determining who an "American * * * wholesaler" is under section 1516, place of incorporation is a factor, but not determinative of who is a wholesaler. The *domestic* character of the merchandise with which a wholesaler deals is the principal consideration.

Inasmuch as plaintiff's business activities have not shown it to be within the objectives sought to be served by section 1516, the remedies provided thereunder are not available to it. It, therefore, becomes unnecessary for us to discuss or pass upon other issues presented in this proceeding pertaining to jurisdiction and classification. For the reasons stated, the protest is overruled.

Judgment will be entered accordingly.

### DISSENTING OPINION

DONLON, Judge: I dissent. On grounds stated in our opinion in *Engelhard Hanovia Inc.* v. *United States*, 54 Cust. Ct. 233, C.D. 2538, on the issue of classification, and in my dissenting opinions, in *Diamond Tool Research Co., Inc.* v. *United States*, 55 Cust. Ct. 37, C.D. 2551, and in *Eastern Diamond Products Company, Inc.* v. *United States*, 55 Cust. Ct. 62, C.D. 2552, on the issue of jurisdiction, and on the facts of record here, I find that plaintiff is an American wholesaler of natural diamond dust, which is merchandise of the same class or kind as the imported synthetic diamond dust, the classification of which on liquidation plaintiff has duly protested under authority of section 516(b); that plaintiff is properly before us as a protestant under section 516(b); and that the involved merchandise should be classified under paragraph 1668, as diamond dust.

The protest claim to paragraph 1668 classification should be sustained. The other protest claims should be dismissed.

*See H. Rept. 248, part 1, on H.R. 7456, 67th Cong., 1st session., pp. 21, 26.